<u>**AFFIDAVIT IN SUPPORT OF COMPLAINT**</u>

I, Michael Sheehan, a Special Agent with the Federal Bureau of Investigation, being duly sworn under oath, depose and state as follows:

<u>**INTRODUCTION**</u>

1.  I am a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such. I have been a Special Agent with the FBI since 2011. I have received training on - and have experience with - identifying and investigating violations of federal law including assault on a federal law enforcement officer. I have participated in the execution of numerous search warrants and arrest warrants. I have participated in all aspects of criminal investigations including conducting surveillance, conducting interviews, and executing searches and arrests pursuant to warrants.

2.  The statements contained in this affidavit are based on my training, experience, observations, and information obtained from other law enforcement officers and witnesses. This affidavit is set forth for the purpose of establishing probable cause that on February 4, 2025, JAMES GERARD PEPE III, a.k.a., JUDITH PEPE did assault a Special Agent with the FBI ("AGENT 1") in violation of Title 18 U.S.C., Section 111(a)(1) - Assaulting, resisting or impeding certain officers or employees. The affidavit does not include each and every fact known to me concerning this incident and investigation.

<u>**BACKGROUND**</u>

3.  AGENT 1 has been employed as a Special Agent of the FBI since September of 2022. On February 4, 2025, AGENT 1 was part of a team of FBI Agents, Task Force Officers, and U.S. Capitol Police Officers tasked with executing a search warrant issued in the District of Massachusetts on January 31, 2025 (25-MJ-3011 KAR). The warrant authorized the search of a

bedroom inside Unit B of 33 South Main Street, South Deerfield, MA for evidence, instrumentalities and contraband related to violations of Title 26 U.S.C., Section 5861 – Unlawful Receipt, Possession, and/or Transfer of a Firearm and violations of 40 U.S.C., Section 5104 – Carrying a Firearm, Dangerous Weapon, Explosive, or Incendiary Device on the Grounds of the Capitol. The target bedroom was believed to be used by the subject of a U.S. Capitol Police investigation.. Law enforcement also believed that Unit B of 33 South Main Street was PEPE's residence as well.

4. At all times during the execution of the search warrant, AGENT 1 was an officer of the United States engaged in the performance of official duties.

## PROBABLE CAUSE

5. During the execution of the search warrant, AGENT 1 was wearing FBI identification placards. AGENT 1 encountered PEPE at the front door to Unit B of 33 South Main Street and introduced himself by stating AGENT 1's full name and advising PEPE that he was a Special Agent. AGENT 1 further advised PEPE that he was executing a search warrant at the address. AGENT 1 then offered to show PEPE a copy of the warrant.

6. After PEPE gathered necessary clothing and belongings from the apartment, AGENT 1 escorted PEPE out of the apartment to allow investigators to ensure the space was clear of threats to their safety. Upon completion of the sweep, law enforcement escorted PEPE back into the kitchen of Unit B and asked PEPE to sit in a kitchen chair. PEPE was not handcuffed at this time.

7. Shortly after sitting in the chair, PEPE became visibly agitated about the search and the presence of law enforcement's firearms in the apartment. PEPE began to yell and direct profanity, insults, taunts, and threats at the agents conducting the search. PEPE threatened to spit

in the affiant's face. Investigators warned PEPE that PEPE could be placed in handcuffs if PEPE was unable to remain calm and allow the agents to complete the search. PEPE continued to behave in an agitated and aggressive manner.

8. Because PEPE's behavior made conducting the search safely and efficiently impossible, agents decided to handcuff PEPE and place PEPE in a law enforcement vehicle, where PEPE could stay warm, until the search was completed. While being placed in handcuffs, PEPE apparently began gathering saliva in PEPE's mouth. AGENT 1 began escorting PEPE from the apartment. Before exiting the apartment, I observed PEPE turn and spit on AGENT 1. I specifically saw the spit hit AGENT 1's face and left eye.

## CONCLUSION

Based on the facts set forth in this affidavit, I respectfully submit there is probable cause to believe PEPE did spit on AGENT 1's face while AGENT 1 was in the performance of his official duties, in violation of Title 18 U.S.C., Section 111(a)(1).

Dated: February 4, 2025          s/ Michael Sheehan
                                 MICHAEL SHEEHAN
                                 SPECIAL AGENT
                                 FEDERAL BUREAU OF INVESTIGATION

*Signed electronically with authorization from S/A Michael Sheehan on 02/04/2025.*

Subscribed and sworn to before me by reliable electronic means this 4th day of February, 2025.

                                 /s/ Katherine A. Robertson
                                 HONORABLE KATHERINE A. ROBERTSON
                                 U.S. Magistrate Judge

*Signed electronically with authorization from Katherine A. Robertson, U.S.M.J. on 02/04/2025.*